UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
YVROSE JEAN,

Plaintiff,

-against-

HOME DEPOT U.S.A., INC,

Defendant.
---------------------------------------------------------------X

**REPORT & RECOMMENDATION**
**24 CV 371 (OEM)(LB)**

**BLOOM, United States Magistrate Judge:**

Defendant Home Depot U.S.A., Inc. removed this personal injury action from Kings County Supreme Court on January 18, 2024, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. The Court ordered defendant to show good cause why this matter should not be remanded to state court. See ECF Order dated January 19, 2024. Defendant responded to the Order to Show Cause on January 26, 2024. ECF No. 8. For the reasons set forth below, it is respectfully recommended pursuant to 28 U.S.C § 636(b) that the Court should remand this action to state court for lack of subject matter jurisdiction and untimely removal.

**BACKGROUND**

Plaintiff filed the instant action in Kings County Supreme Court on December 11, 2023. ECF No. 1 ¶ 1. Plaintiff alleges he was injured on April 9, 2022 when he fell in a Home Depot in Brooklyn, New York. ECF No. 1-1. Consistent with New York law, plaintiff's complaint does not specify the sum of damages sought. N.Y.C.P.L.R. 3017 § (c) ("In an action to recover damages for personal injuries . . . the complaint . . . shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled.").

On January 18, 2024, defendant removed plaintiff's action to this Court, invoking federal diversity jurisdiction. ECF No. 1 at 1. In the notice of removal, defendant asserts that the parties

are citizens of different states, id. ¶¶ 8-10, and that the amount in controversy exceeds $75,000 because plaintiff alleges that she suffered a serious and permanent injury, id. ¶ 12, and because plaintiff's counsel made a settlement demand of $550,000 during a mediation and later confirmed the demand. Id. ¶ 13. Defendant's notice of removal does not state whether the settlement demand or subsequent confirmation were made in writing.

On January 19, 2024, the Court issued an Order to Show Cause why this case should not be remanded to state court for lack of subject matter jurisdiction. The Court *sua sponte* raised two defects with defendant's notice of removal: defendants may not rely on the nature of plaintiff's injuries to establish the amount in controversy, and an oral settlement demand is not a sufficient basis for removal under 28 U.S.C. § 1446(b). See ECF Order dated January 19, 2024. Defendant responded to the Order to Show Cause on January 26, 2024. ECF No. 8. Defendant asserts that plaintiff's verbal settlement demand and refusal to cap damages are sufficient to establish that the amount in controversy exceeds $75,000. Id. at 1. In the alternative, if the Court determines that removal was premature, defendant requests that the Court remand this action without prejudice to renewal "once a written confirmation of the amount in controversy is received." Id. at 3.

**DISCUSSION**

A defendant may remove to a federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 42 U.S.C. § 1332(a). A defendant removing a matter to federal court bears "the burden of establishing that the requirements for diversity jurisdiction [are] met." Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000). Federal courts must

"construe the removal statute narrowly, resolving any doubts against removability." Lupo v. Hum. Affs. Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994) (quoting Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991)).

On removal, a defendant must prove to a reasonable probability that the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a). Mehlenbacher, 216 F.3d at 296. If plaintiff's complaint does not allege this jurisdictional amount, and "defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." Lupo., 28 F.3d 269 at 273-74.

Plaintiff's complaint does not quantify the damages sought. See ECF No. 1-1. Nonetheless, defendant alleges that the amount in controversy "must" exceed $75,000 because plaintiff alleges serious and permanent injuries. ECF No. 1 ¶ 12. However, the nature or extent of plaintiff's injuries does not establish the amount in controversy requirement. See Sabino v. Otis Elevator Co., 548 F. Supp. 3d 311, 312 (E.D.N.Y. 2021) ("A serious injury does not require more than $75,000 in damages, so it does not establish the amount in controversy."); see also O'Neill v. Target Corp., No. 21-CV-3262, 2021 WL 2634880, at *2 (E.D.N.Y. June 25, 2021) (holding that the Court "can draw no reasonable, non-speculative conclusion about the amount in controversy" from a list of alleged injuries); King v. Romero, No. 22-CV-10935, 2022 WL 18009943, at *2 (S.D.N.Y. Dec. 30, 2022) (holding that bill of particulars that "discloses that Plaintiff has undergone multiple spinal surgeries" fails to establish "jurisdictional threshold" for removal to a "reasonable probability"). Plaintiff's verbal settlement demand and refusal to cap damages at less than $75,000 similarly do not establish to a reasonable probability that the amount in controversy requirement is satisfied. Settlement demands are not "reliable indicators of the amount in controversy,"

particularly where the notice of removal provides no information regarding the context of the settlement demand, or how plaintiff arrived at the sum demanded, as is the case here. Elzoghary v. Zelaya-Monge, No. 23-CV-5353, 2023 WL 6121800, at *2 (E.D.N.Y. Sept. 19, 2023) (citation and quotations omitted). Moreover, "the refusal to stipulate to damages does not lead necessarily to the reasonable inference that the jurisdictional amount is met." Zhang v. Costco Wholesale Corp., No. 22-CV-7188, 2023 WL 2306021, at *2 (E.D.N.Y. Mar. 1, 2023). As such, defendant's notice of removal does not allege sufficient facts to establish that the amount in controversy exceeds $75,000, and the Court lacks subject matter jurisdiction over this action.

Removal was also untimely here. Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days after receiving an initial pleading or, if that initial pleading is not removable, within 30 days after receiving a "copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Defendant removed this action after plaintiff made an oral settlement demand of $550,000. ECF No. 1 ¶ 13; ECF No. 8 at 1. However, it is well-settled in the Second Circuit that the 30-day removal clock "does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010). A verbal demand is not a paper. Consistent with the bright-line rule announced in Moltner, district courts in this circuit have repeatedly held that "an oral settlement demand is not a sufficient basis for removal." Mitilinios v. Costco Wholesale Corp., No. 17-CV-5306, 2018 WL 941715, at *4 (E.D.N.Y. Jan. 31, 2018); see also Hogue v. BJ's Wholesale Club, Inc., No. 22-CV-4829, 2022 WL 2256291, at *2 (S.D.N.Y. June 23, 2022) (collecting cases).

Defendant cites case law that does not change the Court's analysis. Defendant asserts that consistent with the Second Circuit's holding in Yong Quin Luo v. Mikel, 625 F.3d 772, 775-76 (2d Cir. 2010), a defendant may rely on an oral settlement demand to establish the amount in controversy. Id. at 1-2. The Second Circuit's opinion in Yong Quin Lou was issued three months prior to Moltner and does not address the 30-day time limit set forth in 28 U.S.C. § 1446(b)(3). Nor does the opinion suggest that an oral settlement demand is a "paper" that triggers the 30-day removal period.[1] See Bader v. Costco Wholesale Corp., No. 18-CV-1304, 2018 WL 6338774, at *1 (E.D.N.Y. Dec. 4, 2018) ("Yong Qin Luo had nothing to do with whether removal was timely[.]").

The weight of case law in this circuit, including the Second Circuit's holding in Moltner, recognizes than an oral settlement demand is not a sufficient basis for removal to federal court. See, e.g., Hogue v. BJ's Wholesale Club, Inc., No. 22-CV-4829, 2022 WL 2256291, at *2 (S.D.N.Y. June 23, 2022) ("District courts in this circuit... have held that an oral settlement demand is not a sufficient basis for removal") (citation omitted); Johnson v. Home Depot U.S.A., Inc., No. 19-CV-3476, 2019 WL 5287969, at *2 (E.D.N.Y. Oct. 18, 2019) ("[H]ad Defendant removed the case based solely on an oral demand, it would have been subject to remand as prematurely filed.");

[1] In Yong Qin Luo, subject matter jurisdiction was raised for the first time on appeal, as plaintiff had reduced her settlement demand to less than $75,000 to deprive the Court of subject matter jurisdiction on appeal. Id. at 776. The Court found that subject matter jurisdiction existed at the time of removal based on plaintiff's refusal to limit her damages to less than $75,000 during an initial conference and her subsequent oral settlement demand of $600,000. Id. at 775-776. As the amount in controversy requirement was satisfied at the time of removal, plaintiff could not "seek to deprive a federal court of jurisdiction by reducing her demand to $75,000 or less once the jurisdictional threshold has been satisfied." Id. at 776.

Defendant further cites two district court opinions denying motions to remand pursuant to Yong Quin Lou. Neither case suggests that an oral settlement demand is sufficient to trigger the removal clock. See Homer v. GMAC Mortg., LLC, No. 10-CV-1937, 2011 WL 3859719, at *3 (D. Conn. Aug. 31, 2011) (calculating removal period to begin when state court complaint was filed); Sutraban v. Worsley, No. 22-CV-5293, 2023 WL 2742236, at *4 (E.D.N.Y. Mar. 30, 2023) (finding that statements made on the record in a court conference were sufficient to satisfy the amount in controversy requirement but noting that plaintiff "did not trigger the removal clock" by serving defendants with a paper specifying the damages sought).

Feder v. Costco Wholesale Corp., No. 17-CV-3708, 2017 WL 9511082, at *1 (E.D.N.Y. June 27, 2017), report and recommendation adopted by, 2017 WL 2992490 (E.D.N.Y. July 14, 2017); Quintana v. Werner Enterprises, Inc., No. 09-CV-7771, 2009 WL 3756334, at *1 (S.D.N.Y. Nov. 2, 2009) ("[Section 1446(b)]" does not recognize oral settlement demands as a basis for triggering the 30-day removal window.").

Defendant should have used the mechanisms available under state law to ascertain the amount in controversy before removing this action. See N.Y.C.P.L.R § 3017(c) (allowing a defendant to request a supplemental demand from plaintiff setting forth the total damages that plaintiff seeks). Had they done so, defendant "may have been in a position . . . to meet their burden on removal." Abbas v. Kienzler, No. 10-CV-5100, 2010 WL 5441663, at *2 (E.D.N.Y. Dec. 23, 2010).

Defendant's notice of removal does not establish to a reasonable probability that the amount in controversy exceeds $75,000, and defendant removed this action before receiving a written confirmation of the amount in controversy. Therefore, it is respectfully recommended that the action should be remanded to the Supreme Court of the State of New York, Kings County pursuant to 26 U.S.C. § 1447(c) for lack of subject matter as well as untimely removal.[2]

[2] A district court may *sua sponte* remand an action for lack of subject matter jurisdiction at any time. 28 U.S.C. § 1447(c). A motion to remand on the basis of a procedural defect "must be made within 30 days after filing of the notice of removal." Id. This 30-day time limit "applies to *sua sponte* actions of the court, and not just to motions brought on by parties." Cassara v. Ralston, 832 F. Supp. 752, 753 (S.D.N.Y. 1993). The Second Circuit has interpreted Section 1447(c) to authorize a remand for a procedural defect "asserted" within 30 days of the notice of removal. Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 131 (2d Cir. 2006). Here, the Court raised the procedural defects *sua sponte* in its Order to Show Cause issued one day after defendant filed its notice of removal. See ECF Order dated January 19, 2024. As such, the Court timely raised the procedural defect of defendant's premature removal. See JP Morgan Chase Bank, N.A. v. Caires, 768 F. App'x 73, 75 (2d Cir. 2019) (concluding that district court timely raised procedural defect within 30 days of removal where district court ordered defendant to show cause why his case should not be remanded one day after the notice of removal was filed, even though the remand was effectuated more than 30 days after the notice of removal).

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: February 27, 2024
Brooklyn, New York