UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

YVROSE JEAN,

                Plaintiff,                         **MEMORANDUM AND ORDER**

        -against-                                 24-CV-371 (OEM) (LB)

HOME DEPOT U.S.A., INC.,

                Defendant.

-----------------------------------------------------------------x

**ORELIA E. MERCHANT, United States District Judge:**

      Home Depot U.S.A., Inc. ("Defendant"), removed this personal injury action from New York State, Kings County Supreme Court ("Kings County Supreme"), on January 18, 2024, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. Magistrate Judge Bloom ordered Defendant to show good cause as to why this matter should not be remanded to state court. *See* ECF Order dated January 19, 2024. Defendant responded to the Order to Show Cause on January 26, 2024, ECF 8, and on February 27, 2024, Judge Bloom issued a *sua sponte* Report and Recommendation, ("R&R"), recommending that this Court remand this case back to state court for lack of subject matter jurisdiction, ECF 10 at 1.

      On March 14, 2024, Defendant filed an untimely objection to Judge Bloom's R&R. *See* Home Depot Inc.'s Objection ("Def's Obj."), ECF 11 at 1. For the following reasons, Judge Bloom's R&R is **ADOPTED in PART.**

1

## BACKGROUND

Yvrose Jean ("Plaintiff"), filed the instant action in Kings County Supreme, on December 11, 2023. Complaint ("Compl."), ECF 1-1 at ¶ 1. Plaintiff alleges she was injured on April 9, 2022, when she fell in a Home Depot in Brooklyn, New York. *Id.* at ¶ 32.

Consistent with New York law, Plaintiff's complaint does not specify the sum of damages sought. N.Y.C.P.L.R. 3017 § (c) ("In an action to recover damages for personal injuries . . . the complaint . . . shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled.").

On February 17, 2023, Plaintiff's counsel made a settlement demand of $550,000 during the course of a mediation and confirmed this demand on January 9, 2024. The matter was not settled. Petition for Removal, ECF 1 ¶ 13.

On January 18, 2024, Defendant removed Plaintiff's action to this Court, invoking federal diversity jurisdiction. *Id.* at ¶ 15. In the notice of removal, Defendant asserts that the parties are citizens of different states, *id*. ¶¶ 8-10, and that the amount in controversy exceeds $75,000 because Plaintiff alleges that she suffered a serious and permanent injury, *id.* ¶ 12, and because Plaintiff's counsel made a settlement demand of $550,000 during a mediation and later confirmed the demand. *Id.* ¶ 13. Defendant's notice of removal does not state whether the settlement demand or subsequent confirmation were made in writing.

On January 19, 2024, Judge Bloom issued an Order to Show Cause why this case should not be remanded to state court for lack of subject matter jurisdiction. After Defendant responded, Judge Bloom then *sua sponte* raised two defects with Defendant's notice of removal: Defendant may not rely on the nature of Plaintiff's injuries to establish the amount in controversy, and an oral settlement demand is not a sufficient basis for removal under 28 U.S.C. § 1446(b). *See* ECF Order

2

dated January 19, 2024. Defendant responded to the Order to Show Cause on January 26, 2024. ECF 8. Defendant asserted that Plaintiff's verbal settlement demand and refusal to cap damages is sufficient to establish that the amount in controversy exceeds $75,000. *Id.* at 1. In the alternative, if the Court determines that removal was premature, Defendant requests that the Court remand this action without prejudice to renewal "once a written confirmation of the amount in controversy is received." *Id*. at 3. Judge Bloom issued an R&R recommending that the Court remand this case to state court for lack of subject-matter jurisdiction. R&R at 1.

## STANDARD OF REVIEW

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3). In reviewing a report and recommendation, the district court "may adopt those portions of the report to which no objections have been made and which are not facially erroneous." *Romero v. Bestcare Inc.*, 15-CV-7397 (JS), 2017 WL 1180518, at *2 (E.D.N.Y. Mar. 29, 2017); *see also Impala v. U.S. Dep't of Justice*, 670 F. App'x 32, 32 (2d Cir. 2016) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

The district court must review *de novo* "those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to"). To obtain *de novo* review, an objecting party "must point out the specific portions of the

3

[R&R]" to which it objects. *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 222 F. Supp. 3d 169, 174 (E.D.N.Y. 2016). Pursuant to Federal Rule of Civil Procedure 72(b)(2), such objections must be served and filed "[w]ithin 14 days after being served with a copy of the recommended disposition." *See also* 28 U.S.C. § 636(b)(1).

## DISCUSSION

As an initial matter, the Court first addresses whether it may remand this case to the state court *sua sponte* absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

In short, this Court can remand a case back to state court for lack of subject matter jurisdiction at any point in time before final judgment.

Defendant asserts that this Court has diversity jurisdiction. Under 28 U.S.C. § 1332(a), the party seeking to remove a case to federal court pursuant to diversity jurisdiction must establish that: (1) the parties have diverse citizenship; and (2) the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of costs and interest. *See Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). Judge Bloom's R&R finds that Defendant failed to establish that the amount in controversy exceeds $75,000. R&R at 1. Defendant objects to this finding in Judge Bloom's R&R. Def's Obj. at 2-3. Specifically, Defendant objects to the portion of the R&R asserting that a decision regarding removal timing, *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34 (2d Cir. 2010), overruled or rejected *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775-76 (2d Cir. 2010) (a decision regarding establishing the amount in controversy element of diversity jurisdiction). *Id.*

4

This Court reviews *de novo* "those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1). Although Defendant objected to multiple findings in the R&R, this opinion only addresses Defendant's objection to the part of the decision regarding the untimeliness of the removal because of Defendant's failure to establish that the amount in controversy exceeds $75,000, because that issue is dispositive. This Court agrees with Judge Bloom that removal here was untimely.

As an initial matter, removal statutes in the Second Circuit are strictly and narrowly construed, "resolv[ing] any doubts against removability." *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150-51 (2d Cir. 2021); *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213, 220 (2d Cir. 2013). As Judge Bloom wrote, "Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days after receiving an initial pleading or, if that initial pleading is not removable, within 30 days after receiving a 'copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.' 28 U.S.C. § 1446(b)(3)." R&R at 4.

Here, Defendant filed a notice of removal in response to Plaintiff's oral settlement demand for $550,000. This was procedurally improper. As the Second Circuit established in *Moltner,* the "time for removal runs from the service of the first paper stating on its face the amount of damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 35 (2d Cir. 2010). Plaintiff's oral settlement demand is not a "copy of an amended pleading, motion, order or other paper." 28 U.S.C. § 1446(b)(3); *see also Bader v. Costco Wholesale Corp.*, 18-CV-1304 (NG), 2018 WL 6338774, at *2 (E.D.N.Y. Dec. 4, 2018); *Johnson v. Home Depot U.S.A., Inc.*, 19-CV-3476, 2019 WL 5287969, at *2 (E.D.N.Y. Oct. 18, 2019) ("[H]ad Defendant removed the case based solely on an oral demand, it would have been subject to remand as prematurely filed."); *Feder v. Costco*

5

*Wholesale Corp.*, 17-CV-3708, 2017 WL 9511082, at *1 (E.D.N.Y. June 27, 2017), report and recommendation adopted by, 2017 WL 2992490 (E.D.N.Y. July 14, 2017); *Quintana v. Werner Enterprises, Inc.*, 9-CV-7771, 2009 WL 3756334, at *1 (S.D.N.Y. Nov. 2, 2009) ("[Section 1446(b)] does not recognize oral settlement demands as a basis for triggering the 30-day removal window."). Because Defendant's notice of removal does not allege sufficient facts to establish that the amount in controversy exceeds $75,000, the Court lacks subject matter jurisdiction over this action.[1]

## CONCLUSION

For the foregoing reasons, Magistrate Judge Bloom's Report and Recommendation is **ADOPTED in PART**, and the Court finds that removal was premature. Accordingly, this action is REMANDED to state court without prejudice.

The Clerk of Court is respectfully directed to remand the action to the Supreme Court of the State of New York, Kings County, and to send a certified copy of this Order to the clerk of that court, and to close this case.

SO ORDERED.

/s/ Orelia E. Merchant
ORELIA E. MERCHANT
United States District Judge

Dated: September 23, 2024
Brooklyn, New York

---

[1] Thus, the Court need not reach plaintiff's remaining objections to the R&R.

6